1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:        matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   UMG RECORDINGS, INC.; CAPITOL
7  RECORDS, INC.; BMG MUSIC;
   ATLANTIC RECORDING
8  CORPORATION; ELEKTRA
   ENTERTAINMENT GROUP INC.; SONY
9

10                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
11                         SAN FRANCISCO DIVISION
12

13 | UMG RECORDINGS, INC., a Delaware           | CASE NO. 3:07-CV-04852-VRW
   | corporation; CAPITOL RECORDS, INC., a
14 | Delaware corporation; BMG MUSIC, a New     | Honorable Vaughn R. Walker
   | York general partnership; ATLANTIC
15 | RECORDING CORPORATION, a Delaware          | ***EX PARTE* APPLICATION TO EXTEND
   | corporation; ELEKTRA ENTERTAINMENT         | TIME TO SERVE DEFENDANT AND
16 | GROUP INC., a Delaware corporation; SONY   | [PROPOSED] ORDER**
17 | BMG MUSIC ENTERTAINMENT, a Delaware
   | general partnership; and INTERSCOPE
18 | RECORDS, a California general partnership,
19 |
   |            Plaintiffs,
20 |
   |     v.
21 |
22 |
   | MEILING FELICITAS JOHANNA
23 | WACHHOLZ-YEE,
24 |
   |            Defendant.
25

26
27
28

EX PARTE APPLICATION TO TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:07-cv-04852-VRW
#36865 v1

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs believe Defendant is out of the country and thus have been unable to personally serve her with process. In support of their request, Plaintiffs state as follows:

1.  Plaintiffs filed their initial Complaint for Copyright Infringement against a John Doe defendant on September 20, 2007. In order to obtain information sufficient to identify the Doe defendant, Plaintiffs also filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on Defendant's Internet Service Provider ("ISP"). On October 1, 2007, the Court issued its Order for Leave to Take Immediate Discovery, which was served on the ISP along with a Rule 45 subpoena. On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying the Defendant, Meiling Felicitas Johanna Wachholz-Yee.

2.  After the ISP identified Ms. Wachholz-Yee, Plaintiffs sent her a letter notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. Although settlement discussions later took place, the parties did not reach a settlement.

3.  Accordingly, on February 11, 2008, Plaintiffs filed their First Amended Complaint naming Ms. Wachholz-Yee individually as Defendant.

4.  Plaintiffs then engaged a process server and unsuccessfully attempted personal service on Defendant. However, Plaintiffs are informed and believe that Defendant has been residing in Germany, and is still residing there. Plaintiffs will therefore attempt alternate forms of service.

5.  The current deadline for service of process is April 17, 2008. While this case was still in the Doe stage, the Court granted Plaintiffs' previous request for a 90-day extension of the service deadline by its Order of January 23, 2008. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

1

EX PARTE APPLICATION TO TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:07-cv-04852-VRW
#36865 v1

6. Plaintiffs submit that their initial efforts to contact Ms. Wachholz-Yee and resolve this case before naming her individually in the lawsuit, as well as their subsequent attempt to personally serve her with the First Amended Complaint, constitute good cause under Rule 4 for an extension of time for service. *See Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort" to serve defendant); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions). In addition, unlike a traditional case where the defendant is known by name and service attempts can begin immediately after the complaint is filed, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

7. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to Defendant from any delay in serving the Complaint.

8. Plaintiffs will provide Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: April 17, 2008                                  HOLME ROBERTS & OWEN LLP


                                                       By: _____*/s/ Matthew Franklin Jaksa*___
                                                           MATTHEW FRANKLIN JAKSA
                                                           Attorney for Plaintiffs

**ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to July 16, 2008.

Dated: ___April 22, 2008___

